# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                          CHAPTER 13 CASE NO.:
YOLANDA STEWART                                      19-11188-JDW

## OBJECTION TO CONFIRMATION

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation (the "Objection"), and in support thereof states as follows:

1. The Debtor commenced this proceeding by filing a Voluntary Petition on March 20, 2019 (the "Petition Date"). The Debtor filed a proposed Chapter 13 Plan (Dkt. #8) (the "Plan") on March 25, 2019.

2. The Debtor is below median income and the proposed term of the Plan is sixty (60) months. The Plan provides for a $4,000.00 *pro rata* distribution to nonpriority unsecured creditors.

3. The Debtor's Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and §521(e)(2)(A)(i) because the Debtor has failed to provide the Trustee with a copy of the Federal tax return for the 2018 tax year.

4. The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1322(a)(2) because it fails to provide for the treatment of the priority claims of the Internal Revenue Service (Claim #14-1) and the Mississippi Department of Revenue (Claim #18-1). The form plan approved by this Court provides that, "[t]he treatment of ALL secured and priority debts must be provided for in this plan."

5. The Plan fails to comply with 11 U.S.C. § 1325(a)(1). Section 3.1(a) of the Plan provides that the ongoing mortgage payments shall be paid beginning in May 2019 to Bank of Holly Springs ("BOHS"). However, the Trustee does not have enough funds on hand to make this disbursement to BOHS and the other creditors at confirmation.

6. The Debtor's Plan fails to comply with 11 U.S.C. §§ 1325(a)(9) and 1308. The Debtor has failed to file Federal and state tax returns for 2017 and 2018 according to the Proofs of Claim filed by the Internal Revenue Service (Claim #14-1) and the Mississippi Department of Revenue (Claim #18-1).

7. The Debtor should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

8. For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: May 21, 2019.

Respectfully submitted,

**LOCKE D. BARKLEY, CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss.  39211
(601) 355-6661
mvardaman@barkley13.com

2

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: May 21, 2019.

      /s/ Melanie T. Vardaman
      MELANIE T. VARDAMAN